Order Filed on July 19, 2023
by Clerk.
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, NJ 07960
Telephone: (973) 992-4800
Fax: (973) 992-9125
Marc J. Gross, Esq.
mgross@foxrothschild.com
Michael R. Herz, Esq.
mherz@foxrothschild.com
*Attorneys for Marc Lebovitz and Amy Lebovitz
Creditors / Plaintiffs*

| | |
|---|---|
| In Re:<br><br>DAVID GRIPPI,<br><br>                     Debtor. | Chapter 7<br><br>Case No. 19-25628-KCF<br><br>Judge: Hon. Kathryn C. Ferguson |
| MARC LEBOVITZ and AMY LEBOVITZ,<br><br>                     Plaintiffs,<br>v.<br><br>DAVID GRIPPI,<br><br>                     Defendant. | Adv. Pro. No. 20-01407-KCF |

## STIPULATION AND CONSENT ORDER OF SETTLEMENT AND DISMISSAL

The relief set forth on the following pages two (2) through six (6), as stipulated and agreed to by the Parties (defined below), is hereby **ORDERED**.

**DATED: July 19, 2023**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

140504755.1

Page 2
Debtor:          David Grippi
Case No.:        19-25628-KCF
Adv. Pro.:       Marc Lebovitz and Amy Lebovitz v. David Grippi
Adv. Pro. No.:   20-01407-KCF
Caption:         Stipulation and Consent Order of Settlement and Dismissal

IT IS HEREBY STIPULATED AND AGREED by and among plaintiffs, Marc Lebovitz and Amy Lebovitz (the "Lebovitzes" or "Plaintiffs"), and defendant, David Grippi (the "Debtor" or "Defendant", and together with the Lebovitzes, the "Parties"), that the above-captioned adversary proceeding (the "Adversary Proceeding") is hereby settled and dismissed in accordance with the following terms and conditions:

## RECITALS

WHEREAS, on August 13, 2019, the Defendant filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court"); and

WHEREAS, on February 13, 2020, Plaintiffs filed a general unsecured proof of claim in the Defendant's bankruptcy case in the amount of $714,750.96, designated as claim number 7, based on claims asserted by the Plaintiffs against the Defendant and certain of his construction companies, Interglobal Construction, Inc., Interglobal Construction of NJ, Inc., and Interglobal Construction of NY, Inc., with respect to a renovation project at the Plaintiffs' property (the "Lebovitz Claim"); and

WHEREAS, on July 15, 2020, Plaintiffs commenced this Adversary Proceeding against the Defendant by filing a complaint (the "Complaint") seeking, among other things, (i) a determination of non-dischargeability of debt pursuant to section 523(a)(2)(A), (a)(4), and (a)(6) of the Bankruptcy Code, and (ii) a denial of the Defendant's discharge pursuant to sections 727(a)(3), (a)(4), and (a)(5) of the Bankruptcy Code; and

2

Page 3
Debtor:             David Grippi
Case No.:           19-25628-KCF
Adv. Pro.:          Marc Lebovitz and Amy Lebovitz v. David Grippi
Adv. Pro. No.:      20-01407-KCF
Caption:            Stipulation and Consent Order of Settlement and Dismissal

WHEREAS, Plaintiffs assert that their total damages are at least in the amount of the
Lebovitz Claim, as more particularly set forth in the Complaint; and

WHEREAS, the Parties, in the interest of avoiding the burden and expense of further
litigation, have entered into a settlement agreement (the "Settlement Agreement"), a copy of which
is annexed hereto as **Exhibit A**, resolving the claims asserted by the Plaintiffs in the Complaint;

NOW, THEREFORE, in consideration of the foregoing, the Parties, through their
undersigned counsel, hereby agree as follows:

## STIPULATION

1.      **Incorporation of Settlement Agreement:**   The terms of the Settlement
Agreement, including the releases set forth therein, are incorporated herein by reference.

2.      **Settlement Consideration:** Pursuant to the terms of the Settlement Agreement, in
full and final settlement of the claims in the Complaint, the Defendant shall pay Plaintiffs the sum
of $105,000.00 (the "Settlement Amount") to be paid as follows:  (i) the Defendant shall deliver
to Plaintiffs the sum of $25,000.00 within seven (7) calendar days of the date of execution of the
Settlement Agreement; and (ii) the Defendant shall deliver to Plaintiffs the $80,000.00 balance of
the Settlement Amount in eight (8) equal consecutive monthly installments of $10,000.00 due on
or before the first day of each month, commencing August 1, 2023. There shall be no penalty
imposed upon the Defendant for prepayment or early payment of any portion of the Settlement
Amount.

3

140504755.1

Page 4
Debtor:              David Grippi
Case No.:            19-25628-KCF
Adv. Pro.:           Marc Lebovitz and Amy Lebovitz v. David Grippi
Adv. Pro. No.:       20-01407-KCF
Caption:             Stipulation and Consent Order of Settlement and Dismissal

3. **Default and Consent Judgment:** In the event that Grippi fails to timely deliver to the Lebovitzes any portion of the Payment Obligation (including the Initial Payment and any of the Installment Payments) when due as set forth in paragraph 2(a) of this Agreement, Grippi shall have seven (7) calendar days to cure such a default upon written notice (including by email from the Lebovitzes' counsel to Grippi's counsel) from the Lebovitzes of said default. In the event that the Defendant fails to timely make payment of any portion of the Settlement Amount when due, and fails to timely cure any such default as set forth in the Settlement Agreement and paragraph 2 above, Plaintiffs shall be entitled to obtain judgment against the Defendant by filing the consent judgment (the "Consent Judgment") and warrant of attorney executed by the Defendant and attached as Exhibits A and B, respectively, to the Settlement Agreement, in the amount of $250,000.00, less any amounts paid to and lawfully retained by the Plaintiffs pursuant to the Settlement Agreement, plus attorneys' fees and costs incurred by Plaintiffs to enforce the Settlement Agreement.

4. **Non-Dischargeability of the Lebovitzes' Claim:** The parties agree that pursuant to sections 523(a)(2)(A), (a)(4), and (6) of the Bankruptcy Code, and subject to the terms of the Settlement Agreement, the Lebovitz Claim, including any additional damages asserted in the Complaint or that would otherwise be recoverable in the Adversary Proceeding, shall not be subject to any discharge entered in the Defendant's bankruptcy case, and shall only be deemed satisfied upon either full and timely payment of the Settlement Amount or upon satisfaction of the Consent Judgment if entered following a default by the Defendant under Settlement Agreement

4

Page 5
Debtor:           David Grippi
Case No.:         19-25628-KCF
Adv. Pro.:        Marc Lebovitz and Amy Lebovitz v. David Grippi
Adv. Pro. No.:    20-01407-KCF
Caption:          Stipulation and Consent Order of Settlement and Dismissal

that is not timely cured. Further, any discharge entered in the Defendant's bankruptcy case shall

not affect the enforceability of the Settlement Agreement, this Stipulation and Consent Order, or

the Consent Judgment.

      5.    **Successors:** This Stipulation and Consent Order shall be binding in all respects

upon, and shall inure to the benefit of each of the Parties and their respective heirs, successors, and

assigns.

      6.    **Full Authority:** Each of the Parties represents that they have reviewed this

Stipulation and Consent Order in its entirety with their respective counsel and has the full authority

to execute, deliver, and fully perform under this Stipulation and Consent Order and the Settlement

Agreement.

      7.    **Modification:** This Stipulation and Consent Order may not be modified other than

by a signed writing executed by an authorized representative of each of the Parties, or by further

order of the Court.

      8.    **Waiver:** No term or condition of this Stipulation and Consent Order shall be

deemed to have been waived by conduct, nor shall there be an estoppel against the enforcement of

any provision of this Stipulation and Consent Order, except by a writing signed by the Party

charged with the waiver or estoppel. No waiver of any breach of this Stipulation shall be deemed

a waiver of any later breach of the same provision or any other provision of this Stipulation.

5

Page 6
Debtor:              David Grippi
Case No.:            19-25628-KCF
Adv. Pro.:           Marc Lebovitz and Amy Lebovitz v. David Grippi
Adv. Pro. No.:       20-01407-KCF
Caption:             Stipulation and Consent Order of Settlement and Dismissal

9.    **Counterparts and Facsimiles:**  This Stipulation and Consent Order may be executed in counterparts, and delivery may be effectuated by transmission of executed counterparts by email, which shall be given the same force and effect as a manually executed original.

10.    **Enforceability:**  This Stipulation and Consent Order shall be binding on the Parties upon the Court's entry of an order approving this Stipulation.

11.    **Dismissal of Adversary Proceeding:**  Upon the Court's entry of this Stipulation and Consent Order, the Parties agree that the above-captioned adversary proceeding shall be dismissed with prejudice.

**WHEREFORE**, the undersigned have executed this Stipulation on behalf of the respective Parties to this Stipulation.

|  |  |
|---|---|
|  | **FOX ROTHSCHILD LLP**<br>*Counsel for Plaintiffs* |
| Dated: July 11, 2023 | By: _____<br>Michael R. Herz, Esq. |
|  | **BROEGE, NEUMANN, FISCHER & SHAVER, LLC**<br>*Counsel for Defendant* |
| Dated: July 5, 2023 | By: _____<br>Geoffrey P. Neumann, Esq. |

6

140504755.1

# EXHIBIT A

108765474.v1

## SETTLEMENT AGREEMENT

**THIS MATTER** being resolved between Marc Lebovitz and Amy Lebovitz (the "Lebovitzes") and David Grippi ("Grippi", and together with the Lebovitzes, the "Parties"), and this Settlement Agreement ("Agreement") is voluntarily made and entered into by and between the Parties.

### Recitals

**WHEREAS**, on August 13, 2019, Grippi filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Court") under case number 19-25628-KCF; and

**WHEREAS**, prior to the Petition Date, Grippi operated certain construction companies under the names of Interglobal Construction, Inc., Interglobal Construction of NJ, Inc., and Interglobal Construction of NY, Inc. (collectively, "Interglobal"); and

**WHEREAS**, prior to the Petition Date, on or about October 8, 2018, the Lebovitzes entered into a contract with Interglobal for Interglobal to perform renovations to their property in Monmouth Beach, New Jersey (the "Project"); and

**WHEREAS**, the renovation work as contracted was not completed by Interglobal, and the Lebovitzes assert that Grippi made several misrepresentations and breached fiduciary duties regarding the contract and Project, including with respect to Interglobal and Grippi's payment of subcontractors, among other claims; and

**WHEREAS**, on February 13, 2020, the Lebovitzes filed a general unsecured proof of claim in Grippi's bankruptcy case in the amount of $714,750.96, designated as claim number 7, for damages related to Interglobal and Grippi's failure to complete the Project, including for amounts unpaid by Interglobal and Grippi to subcontractors, and for the costs of remediation work by replacement contractors, among other items (the "Lebovitz Claim"); and

**WHEREAS**, on July 15, 2020, the Lebovitzes filed a complaint (the "Complaint") commencing an adversary proceeding against Grippi under adversary proceeding number 20-01407-KCF, seeking, among other things, (i) a determination of non-dischargeability of debt pursuant to sections 523(a)(2)(A), (a)(4), and (a)(6), of the Bankruptcy Code, and (ii) a denial of Grippi's discharge pursuant to sections 727(a)(3), (a)(4), and (a)(5) of the Bankruptcy Code; and

**WHEREAS**, the Lebovitzes assert that their damages are at least in the amount of the Lebovitz Claim, as more particularly set forth in the Complaint;

**WHEREAS**, the Parties, after good faith and arms-length negotiations, have reached an agreement to settle the Adversary Proceeding upon mutually agreeable terms in order to avoid

140413607.2

the burden and expense of further litigation, without either party acknowledging fault or liability of any kind; and

**WHEREAS**, the Parties now seek to put the terms of their Agreement in this writing to settle all such claims;

**Agreement**

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby agree as follows:

1.    **Non-Dischargeability of Claim.**   The Parties hereby agree that the Lebovitz Claim, including any additional damages asserted in the Complaint or that would otherwise be recoverable in the Adversary Proceeding, shall be and hereby is deemed non-dischargeable pursuant to sections 523(a)(2)(A), (a)(4), and (a)(6) of the Bankruptcy Code subject to the terms of this Agreement.

2.    **Settlement Payment.**   The Parties hereby further agree that in settlement of the Adversary Proceeding, Grippi shall have the following payment obligation to the Lebovitzes, totaling $105,000 to be made in certified or other immediately available funds, as consideration for the mutual promises and covenants herein, which shall be, collectively and in the aggregate, hereinafter referred to as the "Payment Obligation," to be paid as follows:

    (a)    **Payment Obligation**

        i.    Grippi shall deliver to the Lebovitzes the amount of $25,000 within seven (7) calendar days of the date of execution of this Agreement (the "Initial Payment"); and

        ii.    Grippi shall deliver to the Lebovitzes the total sum of $80,000 payable in eight (8) consecutive equal monthly installments $10,000, with each installment payment to be delivered to the Lebovitzes on or before the first of each month, commencing ~~April~~ August 1st ~~1, 2023~~ (the "Installment Payments"). *[handwritten: August 1st, 2023]*

    (b)    **Delivery of the Payment Obligation.** The Payment Obligation shall be made payable to Marc Lebovitz and delivered to the following address via express overnight mail within the time defined in paragraph 2(a) herein

        Fox Rothschild LLP
        c/o Marc J. Gross, Esq.
        49 Market Street
        Morristown, New Jersey 07960

2 of 6

(c)     **No Prepayment Penalty.** There shall be no penalty imposed for the prepayment or early payment of the total Payment Obligation imposed on Grippi pursuant to this Agreement.

3.     **Grippi Release of the Lebovitzes.** Upon execution of this Agreement, Grippi (including any respective agents, successors, heirs, representatives, attorneys or assigns) hereby releases and forever discharges the Lebovitzes (including any respective agents, successors, heirs, representatives, attorneys or assigns) from and against any and all manner of action or actions, suits, claims, damages, judgments, levies and executions, whether known or unknown, liquidated or unliquidated, fixed or contingent, direct or indirect, which he ever had, have or ever can, shall or may have against the Lebovitzes (including any respective agents, successors, heirs, representatives, attorneys or assigns), including any claims arising out of the Adversary Proceeding and/or the Project.

4.     **Default and Consent Judgment.** In the event that Grippi fails to timely deliver to the Lebovitzes any portion of the Payment Obligation (including the Initial Payment and any of the Installment Payments) when due as set forth in paragraph 2(a) of this Agreement, Grippi shall have seven (7) calendar days to cure such a default upon written notice (including by email from the Lebovitzes' counsel to Grippi's counsel) from the Lebovitzes of said default. In the event that Grippi fails to timely cure any default, the Lebovitzes shall be entitled, without any further notice to Grippi, to obtain judgment against Grippi in the amount of $250,000, less any amounts paid to and lawfully retained by the Lebovitzes pursuant to this Agreement as of that date, by filing with the Court the consent judgment annexed hereto as Exhibit A (the "Consent Judgment") and warrant of attorney (the "Warrant of Attorney") annexed hereto as Exhibit B. The Consent Judgment and Warrant of Attorney shall be executed simultaneous with and as a condition precedent to the Agreement embodied in this document. The Consent Judgment and Warrant of Attorney shall be held in escrow by the Lebovitzes' counsel. Upon the full Payment Obligation being satisfied pursuant to paragraph 2(a) of this Agreement, the Lebovitz Claim shall be deemed satisfied and the Consent Judgment shall be deemed null and void and Lebovitzes' counsel shall destroy same. In the event that the Lebovitzes file the Consent Judgment, Grippi waives the issuing and service of process or any other form of notice required under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the Court. Grippi further waives any and all meritorious and substantial defenses, rights, offsets, obligations, demands, liabilities, expenses and attorneys' fees of every kind and nature in response to any application by the Lebovitzes' attorneys to exercise the Consent Judgment and enter judgment against Grippi.

(a)     **Attorneys' Fees and Costs.** In the event that Grippi fails to timely pay any amount of the Payment Obligation pursuant to paragraph 2(a) of this Agreement and the Lebovitzes seek legal action to enforce this Agreement, Grippi acknowledges that the Lebovitzes shall be entitled to



recover their attorney's fees and costs of suit incurred. Grippi further acknowledges and agrees that he is liable to the Lebovitzes for all reasonable attorney's fees and costs of suit the Lebovitzes incur in enforcing this Agreement.

5.    **Effective Date.** This Agreement shall be deemed binding and effective upon (i) the full execution by the Parties, and (ii) the Court's entry of a stipulation or order approving this Agreement. In the event the Court does not enter a stipulation or order approving this Agreement, this Agreement shall be deemed null and void and the Lebovitzes may resume prosecution of their claims in the Adversary Proceeding, with any and all asserted defenses by Grippi preserved.

6.    **Successors.** This Agreement shall be binding in all respects upon, and shall inure to the benefit of the Parties and their respective heirs, successors, and assigns.

7.    **No Admissions:** The Parties agree that neither this Agreement, nor any actions taken by the Parties hereto, either previously or in connection with the compromise reflected in this Agreement, shall be deemed or construed to be an admission of the truth or falsity of any matter or any claim, demand, or cause of action referred to herein or relating to the subject matter of this Agreement, or any defense asserted thereto, or evidence of any violation of any statute or law or any liability or wrongdoing by any party, or any acknowledgment by them of any fault or liability to any party hereto

8.    **No Recitals.** Each of the Parties agrees and understands that all of the terms of this Agreement are contractual and not merely recitals.

9.    **No Duress.** This Agreement is the product of arm's length negotiations between the Parties with the assistance of their respective counsel. The Parties affirm that the settlement is fair and reasonable under the circumstances, and that they are entering this Agreement without duress, undue influence or coercion. The Parties and their respective counsel acknowledge that they have carefully read and fully understand the provisions of this Agreement, that they have been given a reasonable period of time to consider the terms of this Agreement, and that they enter into this Agreement knowingly and voluntarily and not as a result of any pressure or coercion, and thus no party shall attempt to invoke the rule of construction to the effect that ambiguities, if any, are to be resolved against the drafting party.

10.    **Full Authority.** Each of the Parties represents that he or she has the full authority to execute, deliver and fully perform this Agreement and is fully authorized to bind its respective Parties to all the terms and conditions of this Agreement

11.    **No Reliance.** In entering this Agreement, the Parties acknowledge that they have not relied on any promise, representation or statement, whether oral or written, that is not expressly set forth in this Agreement.

4 of 6

140413607.2

12.    **Severability.**  If any of the provisions of this Agreement are held by a court of competent jurisdiction to be invalid, void, or otherwise unenforceable, the remaining provisions shall nevertheless continue in full force and effect without being impaired or invalidated in any way.

13.    **Choice of Law and Venue.**  This Agreement shall be governed and construed in accordance with the laws of the State of New Jersey, without regard to principles of conflicts of law. Any dispute arising from, relating to, or otherwise concerning this Agreement shall only be brought before the Court, or, if the Court refuses or is unable to hear the matter, in the the United States District Court for the District of New Jersey.

14.    **Entire, Final and Binding Agreement.**  Each of the Parties acknowledges and agrees that this Agreement is the final and binding Agreement between them concerning the matters released. This writing contains the entire Agreement of the Parties and, in entering into this Agreement, each of the Parties acknowledges that he/it has not relied on any promise, agreement, representation or statement, whether oral or written, that is not expressly set forth in this Agreement.

15.    **Modification.**  This Agreement may not be amended or modified except in a writing signed by both Parties. This Agreement supersedes any and all prior agreements between the Parties, whether written or oral.

16.    **Waiver.**  No term or condition of this Agreement shall be deemed to have been waived by conduct, nor shall there be an estoppel against the enforcement of any provision of this Agreement, except by a writing signed by the Party charged with the waiver or estoppel. No waiver of any breach of this Agreement shall be deemed a waiver of any later breach of the same provision or any other provision of this Agreement.

17.    **Headings.**  Headings are intended solely as a convenience and shall not control the meaning or interpretation of any provision of this Agreement.

18.    **Date of Execution.**  The date of execution of this Agreement shall be the date upon which the last of the Parties signs this Agreement.

19.    **Compromise.**  The settlement of this matter is a compromise. The act of entering into this Agreement shall not constitute an admission of liability or fault by any of the Parties.

20.    **Counterparts.**  This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which, taken together, shall constitute one and the same instrument.

21.    **Facsimile Signatures.**  A facsimile or PDF signature on this Agreement shall be deemed to be an original signature for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Agreement, the movant shall not be required to produce or

5 of 6

introduce into evidence a copy of this Agreement bearing original signatures of the Parties, other than facsimile or PDF signatures.

**[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]**



6 of 6

**IN WITNESS WHEREOF**, expressly intending to be legally bound, the Parties have executed this Agreement as of the dates set forth below:

**MARC LEBOVITZ**

_____
Signature of Witness Thereto

By: _____

Nora McGrath
98 Main St.
Port Monmouth, NJ 07758
_____
Printed Name and Address of Witness

Title: _____

Dated: July 10, 2023


**AMY LEBOVITZ**

_____
Signature of Witness Thereto

By: _____

Nora McGrath
98 Main St
Port Monmouth NJ 0775
_____
Printed Name and Address of Witness

Title: _____

Dated: July 10, 2023


**DAVID GRIPPI**

_____
Signature of Witness Thereto

By: _____

140413607.2

Dated: _3/3_____, 202_

_Geoffrey P. Neumann_

Printed Name and Address of Witness

205 Abe Voorhees Drive
Manasquan, NJ 08736

Geoffrey P. Neumann
Attorney at Law
State of New Jersey

140413607.2

## EXHIBIT A TO  SETTLEMENT

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

**FOX ROTHSCHILD LLP**
49 Market Street
Morristown, NJ 07960
Telephone: (973) 992-4800
Fax: (973) 992-9125
Marc J. Gross, Esq.
mgross@foxrothschild.com
Michael R. Herz, Esq.
mherz@foxrothschild.com
*Attorneys for Marc Lebovitz and Amy Lebovitz*
*Creditors / Plaintiffs*

| | |
|---|---|
| In Re: <br><br> DAVID GRIPPI, <br><br> Debtor. | Chapter 7 <br><br> Case No. 19-25628-KCF <br><br> Judge: Hon. Kathryn C. Ferguson |
| MARC LEBOVITZ and AMY LEBOVITZ, <br><br> Plaintiffs, <br> v. <br> DAVID GRIPPI, <br><br> Defendant. | Adv. Pro. No. 20-01407-KCF |

### CONSENT JUDGMENT

    The relief set forth on the following pages, numbered two (2) through three (3), be and is hereby **ORDERED**.



140455288.1

THIS MATTER, having been originally opened to the Court upon the adversary proceeding complaint filed by Marc Lebovitz and Amy Lebovitz (the "Plaintiffs") against David Grippi (the "Defendant" or the "Debtor"), seeking, among other things, (i) a determination of non-dischargeability of debt pursuant 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6), and (ii) a denial of the Defendant's bankruptcy discharge pursuant to 11 U.S.C. §§ 727(a)(3), (a)(4); and the parties having entered into a settlement agreement (the "Settlement Agreement") resolving the Plaintiffs' claims; and the parties having consented to the form and entry of this Consent Judgment in accordance with the Settlement Agreement to be filed by the Plaintiffs against the Defendant in the event that the Defendants fails to timely cure a default of payment under the Settlement Agreement as set forth therein; and Plaintiffs having filed an application, motion, or request for entry of the within Consent Judgment; and the Defendant having in fact defaulted on his obligations under the Settlement Agreement and having failed to timely cure said default; and for good cause shown, it is hereby

ORDERED AND ADJUDGED that:

1.      Judgment is hereby entered against David Grippi in the amount of $250,000.00, plus interest, less any amounts tendered to date to and lawfully retained by the Plaintiffs under the Settlement Agreement.

2.      Plaintiffs are awarded all reasonable attorneys' fees and expenses incurred in enforcing the Settlement Agreement, including seeking entry of the within Consent Judgment.

3.      By signing this Consent Judgment, David Grippi acknowledges that: (a) he has reviewed this Consent Judgment and the Settlement Agreement with an attorney of his choosing; and (b) and he has read this Consent Judgment and is satisfied that he understands this Consent Judgment.

4.      This Consent Judgment constitutes a judgment under Federal Rules of Civil Procedure 52 and 58, made applicable herein by Federal Rules of Bankruptcy Procedure 7052



140455288.1

and 7058, and the Clerk of the United States Bankruptcy Court for the District of New Jersey is

authorized and directed to docket this Consent Judgment as a judgment against the Defendant.

The undersigned hereby consents to the substance
and entry of this Consent Judgment.

| | DAVID GRIPPI |
|---|---|
| _____ | |
| Signature of Witness Thereto | By: _____ |
| | Title: _____ |
| Geoffrey P. Neumann | |
| 25 Abel Voorhees Drive | Dated: July 5, 2023 |
| Manasquan, NJ 08736 | |
| Printed Name and Address of Witness | |

Sworn to and subscribed
before me this 3rd day
of July, 2022. 3

_____

Notary Public

Geoffrey P. Neumann
Attorney at Law
State of New Jersey

3

140455288.1

# EXHIBIT B TO  SETTLEMENT

## WARRANT OF ATTORNEY

I, David Grippi, an individual with a mailing address of 68 Wyckoff Street, #B, Matawan, New Jersey 07747, recognize and acknowledge an indebtedness to Marc Lebovitz and Amy Lebovitz (the "Lebovitzes"), as described in the attached Settlement Agreement. The principal amount of my debt to the Lebovitzes pursuant to the Settlement Agreement is $250,000.00.

I appoint, on my behalf, any attorney of any court within the United States or elsewhere, as attorney to appear on my behalf, in any court of record, within the United States or elsewhere, at any time upon my default under the terms of the Settlement Agreement, to seek entry of the Consent Judgment attached hereto against me, in the amount of $250,000.00, minus any amounts already paid by me under the terms of the Settlement Agreement.

The Lebovitzes shall set forth the amount due and owing by way of a certification at the time it seeks entry of the Consent Judgment. Pursuant to this warrant, I give the Lebovitzes' attorneys full power and authority to perform each and every act necessary to the exercise of this power and to enter judgment against me, in the amount of $250,000.00, minus any amounts already paid by me under the terms of the Settlement Agreement.

I hereby waive the issuing and service of process upon me or any other form of notice required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of the United States Bankruptcy Court for the District of New Jersey.

I further waive any and all meritorious and substantial defenses, rights, offsets, obligations, demands, liabilities, expenses and attorneys' fees of every kind and nature in response to any application by Lebovitzes' attorneys to exercise the aforementioned power and enter judgment against me.

140455281.1

| | **DAVID GRIPPI** |
|---|---|
| _____<br>Signature of Witness Thereto | By: _____ |
| Geoffrey P. Neumann<br>25 Axe Voorhees Drive<br>Manasquan, NJ 08736<br>_____<br>Printed Name and Address of Witness | Title: _____<br><br>Dated: July 5, 2023 |

**David Grippi**

Print Name: DAVID GRIPPI
Title: _____

Dated: July 5, 2023

Sworn to and subscribed
before me this 5th day
of July, 2023.

_____

Notary Public

Geoffroy P. Neumann
Attorney at Law
State of New Jersey

2

140455281.1